UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| TRIFECTA VENTURES, LLC, ) | |
| ) | Civil No.: 6:16-cv-00037-GFVT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| TAYLOR YACHTS, INC., et al., ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Trifecta Ventures, LLC's motion to remand. [R. 6.] Trifecta argues this Court does not have subject matter jurisdiction over the above-styled action because both of the Defendants named in Trifecta's state court complaint—Taylor Yachts, Inc., and Sunstar Houseboats, Inc.—are citizens of Kentucky. Defendant Taylor Yachts maintains Sunstar was fraudulently joined and is immaterial for purposes of the Court's diversity jurisdiction. For the reasons stated below, the Court will GRANT Trifecta's motion and REMAND the case to Wayne Circuit Court.

**I**

**A**

This action is one of two related civil actions currently pending before the Court. *See* Case Nos. 6:16-cv-00015-GFVT and 6:16-cv-00037-GFVT. Both lawsuits derive from a contractual dispute over the construction of a custom-built luxury houseboat. The instant matter was commenced on January 5, 2016, when Plaintiff Trifecta Ventures, LLC, filed a complaint in Wayne Circuit Court against Defendants Taylor Yachts, Inc., and Sunstar Houseboats, Inc. [*See* R. 1-1.] In its complaint, Trifecta indicates it contracted with Taylor Yachts in January 2014 to

manufacture a custom houseboat for Taylor Yachts to resell to another client. Specifically, Trifecta agreed to build a "2015 Taylor yacht 22' X 85' mono-hull, HB228 custom water craft" for Taylor Yachts to resell; in exchange, Taylor Yachts agreed to pay Trifecta $850,000.00. [*Id.* at 2.] According to the complaint, Taylor Yachts requested various revisions to the vessel which increased the purchase price from $850,000 to $880,824.04. [*Id.* at 3.] Trifecta claims it completed construction of the vessel on November 30, 2015. As of December 31, 2015, however, Taylor Yachts had paid Trifecta only $610,000.00 and refused to pay the remaining amended balance of $270,824.04. [*Id.*] Consequently, Trifecta filed suit against Taylor Yachts for breach of the purchase contract and breach of a related delivery agreement. Trifecta also seeks a declaratory judgment that Trifecta need not deliver the vessel to Taylor Yachts until the entire amended purchase price has been paid. [*Id.* at 5.]

Trifecta also named Sunstar as a Defendant to its Wayne Circuit Court action. According to the briefing, Trifecta President Jerry Harden was served with a writ of attachment on October 23, 2015, which originated from separate litigation taking place in the Wayne Circuit Court. The writ ordered Trifecta not to release the vessel to Taylor Yachts until "further order of the court." [*See* R. 6-3.] While the bulk of Trifecta's complaint concerns Taylor Yachts, two paragraphs specifically mention Sunstar:

> 3. Sunstar Houseboats, Inc. ("Sunstar") is a Kentucky corporation with its principal place of business located at 138 Sunstar Blvd., Monticello, Kentucky 42633.
>
> . . .
>
> 20. Sunstar is named as a party to this litigation to the extent it has any interest in the Vessel.

[R. 1-1 at 1, 3.] Trifecta's prayer for relief is directed primarily at Taylor Yachts rather than Sunstar. [*See id*.] Nonetheless, in its motion for remand Trifecta indicates it named Sunstar as a

2

Defendant to (1) "ensure that all lienholders were on notice of the dispute involving HB228 and to protect the priority of Trifecta's lien;" and (2) "in case Sunstar is liable to Trifecta for any late penalties under the Purchase Agreement." [R. 6-1 at 3.] Trifecta states that, to the extent it is ultimately liable to Taylor Yachts for any late penalties, it "will pursue Sunstar to the extent those penalties relate to Sunstar's Writ." [*Id.*]

Shortly after Trifecta filed its complaint in Wayne Circuit Court, Taylor Yachts filed a complaint and motion for injunctive relief against Trifecta in the Eastern District of Kentucky, seeking immediate possession of the HB228 vessel. *See* Case No. 6:16-cv-00015-GFVT. Also, on or about February 1, 2016, Taylor Yachts and Sunstar entered into an agreement whereby Sunstar's writ of attachment on the vessel was released. [R. 6-4.] Taylor Yachts then removed Trifecta's Wayne Circuit Court action to federal court on the basis of diversity of citizenship jurisdiction.[1]  In its notice of removal, Taylor Yachts argues the Court has subject matter jurisdiction despite the fact that both Taylor Yachts and Sunstar are considered citizens of Kentucky. [R. 1.] According to Taylor Yachts, Sunstar was fraudulently joined and Trifecta "has no viable claim against Sunstar and therefore Sunstar does not defeat diversity." [R. 1 at 3.] Trifecta opposes removal and has filed a motion to remand the lawsuit to Wayne Circuit Court.

## II

### A

In general, a defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original diversity jurisdiction over all civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

---

[1] The undersigned was assigned this action in light of its relationship to case number 6:16-cv-00015-GFVT. [*See* R. 4.]

and costs, and the dispute is between" parties who are "citizens of different states." *See* 28 U.S.C. § 1332(a)(1). To determine the appropriateness of remand, the Court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

In order for diversity jurisdiction to attach, "all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation." *Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)). When removal is based on diversity of the parties, the removing defendant has the burden to prove the diversity requirements are satisfied by a preponderance of the evidence. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). Any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *See, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

**B**

This case requires the Court to walk systematically through various rules and doctrines of federal civil procedure, paying close attention to how the rules relate to each other. To begin, the general rule regarding removal based on diversity of citizenship is that there must be complete diversity "*both* at the time that the case is commenced *and* at the time that the notice of removal is filed" in order to properly remove the case to federal court. *Jerome-Duncan Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (emphasis added). Here, there was no diversity of citizenship at the time the complaint was filed. When Trifecta filed its action in Wayne Circuit Court, it named both Taylor Yachts and Sunstar as Defendants. [R. 1-1.] At the time, Trifecta was subject to the October 23, 2015, writ of attachment which ordered Trifecta to refrain from releasing the vessel to Taylor Yachts until further court order. [R. 6-1 at 2; *see also* R. 6-3.]

4

There is no indication that, at that time, Sunstar was an inappropriate Defendant with no real interest in the claims. To the contrary, the writ of attachment suggests otherwise. Because both Trifecta and Sunstar are citizens of Kentucky [*see* R. 1-1 at 1], the suit would not have been properly removable to federal court when it was initially filed. *See Jerome-Duncan*, 176 F.3d at 907.

There is an exception to this general rule, however, which allows certain cases to be removed even if complete diversity did not exist at the lawsuit's commencement. Where a plaintiff voluntarily dismisses a party whose presence would defeat diversity, the case becomes removable even though diversity did not initially exist. *See Hopkins Erecting Co. v. Briarwood Apartments of Lexington*, 517 F. Supp. 243, 249 (E.D. Ky. 1981) ("A case nonremovable on the initial pleadings can become removable only pursuant to a voluntary act of the plaintiff."); *see also* 32A AM. JUR. 2D FEDERAL COURTS § 1482 (Feb. 2016). The exception does not apply in this case because Trifecta has, thus far at least, taken no affirmative action to drop Sunstar as a Defendant. While the agreement between Taylor Yachts and Sunstar suggests Sunstar no longer has an interest in the vessel [*see* R. 6-4], Trifecta is generally considered the party responsible for dismissing Sunstar and triggering the lawsuit's removability.

In addition, the usual practice is to forbid removal until a non-diverse defendant has been formally dropped from the action.

> A party whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal to federal court. It is insufficient, for example, that service of process has not been made on a non-diverse party; the case may not be removed until that party actually has been dismissed from the case.

WRIGHT, MILLER, COOPER, ET AL., 14B FED. PRAC. & PROC. JURIS. § 3723 (4th ed.). Although the application of this rule sometimes creates seemingly inefficient results—for example, a case

5

may be remanded to state court only for the non-diverse defendant to be formally dropped and the case to be immediately removed again—it remains, nonetheless, the general rule. It also suggests that where, as here, Sunstar has not been formally dismissed from the action, the case should be remanded, even despite the fact that Sunstar has yet to be served with process. *See id.*

Taylor Yachts, however, maintains these principles are irrelevant and argues Sunstar was fraudulently joined. Specifically, Taylor Yachts contends Trifecta's complaint "does not allege a claim against Sunstar, and Sunstar's presence in this action was rendered moot when its writ of attachment was released by the Wayne Circuit Court." [R. 9 at 1.]

"Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Housing Comm'n v. Bannum*, Inc., 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-Duncan*, 176 F.3d at 907). The removing party has the burden of proving fraudulent joinder and must present "sufficient evidence that a plaintiff could not have established a cause of action against [the] non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. To resolve a claim of fraudulent joinder, the district court may "pierce the pleadings" to consider summary judgment-like evidence, but it should evaluate that evidence like it would a Rule 12(b)(6) motion to dismiss. *Walker v. Philip Morris USA, Inc.*, 43 F. App'x 946, 954 (6th Cir. 2011). Any contested issues of fact should be construed in the non-removing party's favor. *Id.*

As explained above, at the time the lawsuit was originally filed Sunstar was an appropriate Defendant to Trifecta's action. [*See* discussion at 4-5, *supra*; R. 6-1 at 2; R. 6-3.] And while Taylor Yachts can now foresee no reason for Sunstar to continue as a party to the action in light of the now released writ of attachment, that is a determination best made by Trifecta rather than Taylor Yachts and this Court. The doctrine of fraudulent joinder prevents a

plaintiff from naming a non-diverse defendant against whom there is no colorable cause of action. *Saginaw*, 576 F.3d at 624. The present situation is distinct. While the Court understands Taylor Yachts's argument that Sunstar has become irrelevant to the action and that a colorable cause of action against Sunstar no longer exists, the Court is aware of no case law finding that a party—originally properly joined as a Defendant—can *become* fraudulently joined and allow for federal jurisdiction. Instead, case law is clear that non-removable cases can generally become removable "only pursuant to a voluntary act of the plaintiff." *Hopkins Erecting Co*., 517 F. Supp. at 249. Trifecta rightly named Sunstar as a party in the first instance, and Trifecta, for now, remains the master of its complaint. *See Brown v. Tax Ease Lien Investments, LLC*, 77 F. Supp. 3d 598, 602-03 (W.D. Ky. 2015) (again, stating that a non-removable case may become removable only through a plaintiff's voluntary action and explaining "[i]f a plaintiff voluntary relinquishes its claims, that plaintiff devolves from the master of its complaint to the master of nothing").

Moreover, any doubts regarding the propriety of federal jurisdiction should be resolved in favor of remand. *Shamrock Oil & Gas Corp*., 313 U.S. at 108-09. The Court's role is not to litigate the case on behalf of the parties. Going forward, Trifecta may decide of its own accord to dismiss Sunstar as a Defendant, to amend its complaint and assert further causes of action against Sunstar, or to litigate the matter in a way unforeseen by Taylor Yachts or even this Court. And Trifecta will be free to do so in Wayne Circuit Court, where it initially filed the action against both diverse and non-diverse Defendants.

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff Trifecta Ventures, LLC's Motion to Remand [R. 6] is **GRANTED**.  This action is **REMANDED** to Wayne Circuit Court and **STRICKEN** from the Court's active docket.

This the 29th day of July, 2016.

Gregory F. Van Tatenhove
United States District Judge